Filed 3/9/22  In re B.A. CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| In re B.A., a Person Coming Under the Juvenile Court Law. | B313235 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>R.A.,<br><br>Defendant and Appellant. | (Los Angeles County Super. Ct. No. 21CCJP00431A) |

APPEAL from an order of the Superior Court of Los Angeles County, Martha A. Matthews, Judge.  Affirmed.

Suzanne Davidson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rodrigo A. Castro-Silva, County Counsel, Kim Nemoy, Assistant County Counsel, and Veronica Randazzo, Deputy County Counsel, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Father R.A. appeals the court's jurisdictional finding based on his marijuana abuse. He does not challenge the other sustained findings based on mother's violent conduct or the history of domestic violence between mother and father. Father also does not challenge the court's dispositional orders. Finding father's appellate challenge is nonjusticiable, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

This family came to the attention of the Los Angeles County Department of Children and Family Services (Department) in January 2021, following a domestic violence incident between mother and father. Mother and father had argued, and when mother tried to leave with newborn B.A., father restrained her, causing injuries to her arms. Mother's friend called police, and father was arrested. Responding officers saw a bong in the family home.

Father bailed out of jail, and told the social worker mother was the aggressor, and that there was a history of mother making violent attacks against him. He did not know where mother and the baby were. The family lived with paternal family members, but mother had not returned home following the referral incident. Father intended to seek custody of B.A., believing mother was unstable and incapable of caring for her.

Mother admitted to a history of violent disputes with father and maternal grandmother. She also reported that father smokes a lot of marijuana and it affects his judgment. He even had marijuana delivered to the hospital when B.A. was born. Mother also reported that paternal family members were "open to marijuana" and it was all over their home.

At the February 2, 2021 detention hearing, the court allowed B.A. to remain in mother's care, and the court ordered

2

the Department to conduct a pre-release investigation of father's home.

The Department's pre-release investigation revealed that there were no safety concerns at the home father shared with paternal grandparents and several siblings. There were no visible drugs or drug paraphernalia.

The juvenile court ordered that father could have unsupervised day visits with B.A. after completing three consecutive drug tests with decreasing levels of marijuana.

According to the April 2021 jurisdiction/disposition report, father admitted to using marijuana over a period of two years for anxiety, but said he had been sober for two months. Father failed to show up for four drug tests in February, tested positive once on February 12, but tested negative on March 5, 11, and 18. Paternal grandfather would not discuss father's substance use history, but claimed "everything is fine now . . . ."

Father was loving and attentive to B.A. during a March 1, 2021 visit. He continued to drug test for the Department and tested negative on March 25, 31, April 5, 16, 21, 29, and May 3 and 13. Father also started having overnight visits with B.A. in May 2021.

Mother signed a waiver of rights and pled no contest to the allegations in the petition. The juvenile court sustained jurisdictional findings under Welfare and Institutions Code section 300, subdivision (b) as to: (1) the history of domestic violence between mother and father; (2) father's marijuana abuse; and (3) the history of violent altercations between mother and maternal grandmother. The court ordered B.A. to be placed in the home of her parents, under the supervision of the Department with family maintenance services, and ordered

3

father to participate in drug testing every other week that would cease after eight negative tests, and parenting classes. Father timely appealed.

## DISCUSSION

Because father does not challenge the sustained findings as to mother, or the findings based on the history of domestic violence between father and mother, his challenge of jurisdiction based on his drug abuse alone is nonjusticiable.

"[A] jurisdictional finding involving one parent is ' "good against both. More accurately, the minor is a dependent if the actions of either parent bring [the minor] within one of the statutory definitions of a dependent." ' [Citation.]" (*In re I.A.* (2011) 201 Cal.App.4th 1484, 1492.) Moreover, "an appellate court may decline to address the evidentiary support for any remaining jurisdictional findings once a single finding has been found to be supported by the evidence." (*Ibid*.) Father's attack on the jurisdictional findings relative to his substance abuse alone is nonjusticiable. (*Id.* at pp. 1490–1491.)

Father argues we should reach the merits of this appeal because he could be prejudiced in future dependency proceedings by the sustained drug abuse finding against him. We find father's claimed prejudice is speculative. Father does not tell us what consequence the sustained finding as to his drug abuse will have that he would not suffer if only the domestic violence allegations were allowed to stand. He also does not substantively challenge the dispositional orders stemming from the sustained findings. He only argues they should be reversed if the drug abuse allegation is dismissed. Finding no prejudice to father, we affirm.

4

## DISPOSITION

The order is affirmed.


                    GRIMES, Acting P. J.

WE CONCUR:


          STRATTON, J.



          WILEY, J.